# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:08-CV-199-TS |
| ROBERT ROSS, Judge, Allen Superior Court, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Anthony C. Martin filed a *pro se* Complaint [DE 1] pursuant to 42 U.S.C. § 1983 against Judge Robert E. Ross, Fort Wayne Police Officer Rusty York, and Ronald Stiver, Commissioner of the Indiana Bureau of Motor Vehicles. The Plaintiff has also filed an Application to Proceed Without Prepayment of Fees and Affidavit/a Motion to Proceed *in Forma Pauperis* [DE 2].

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious, or meritless litigation, however, federal courts are authorized to dismiss a case if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2).

Mr. Martin alleges in his Complaint that he has "been harassed & unfairly, unprofessionally treated by the Ft. Wayne P.D." (Compl. 2.) He states that he filed numerous complaints against the Fort Wayne Police Department and Officer York and that he "even went to the point of contacting the BMV (Comm. Ronald Stiver Indianapolis Division) who issued plaintiff's drivers license which the Ft. Wayne P.D. abused their authority & bent regulations &

statues by the BMV . . . . " (Compl. 2.) Mr. Martin also alleges that he was taken before Judge Robert E. Ross and that Judge Ross displayed "a new attitude, unprofessional conduct, mockery & bias statements, abuse of judicial & authority power & enforcement, personal interest & favor[i]tism." (Compl. 2.) Mr. Martin does not indicate how Judge Ross allegedly abused his judicial authority. Mr. Martin asserts that the Defendants violated several provisions of the Indiana Constitution; several sections of the Indiana Code of Judicial Conduct; Articles III, IV, and VI of the United States Constitution; the First, Fourth, Fifth, Sixth, and Eleventh Amendments to the United States Constitution; and various administrative laws and procedures.

Mr. Martin brings this action under 42 U.S.C. § 1983, which provides a cause of action against any person who, acting under color of state law, deprives another person of a right, privilege, or immunity secured by the Constitution or federal laws. In order to state a claim under § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who has deprived him of the right acted under color of state law. *Alvarado v. Litxcher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Thus, the Court must first inquire whether the Complaint alleges that he has been deprived of a right secured by the Constitution or laws of the United States.

Mr. Martin's claims that the Defendants violated provisions of the Indiana Constitution and the Indiana Code of Judicial Conduct state no claim upon which relief can be granted under § 1983. Mr. Martin also asserts that the Defendants violated several sections of Article III of the United States Constitution, which addresses the establishment and authority of the judicial branch of the federal government. Additionally, he asserts that the Defendants violated Article IV of the Constitution, which governs the relations among the United States and the individual

states and territories. Finally, he alleges that the Defendants deprived him of rights protected by Section 1 of Article VI, by which the United States of America assumed the debts of the government established by the Articles of Confederation—which preceded the government established by the Constitution of the United States—and that they deprived him of rights created by Section 2 of Article VI of the Constitution, which provides that the Constitution, federal statutes, and treaties entered in to by the United States "shall be the supreme law of the land." The Complaint does not explain how the Defendants' actions implicate Articles III, IV, and VI of the Constitution, and it is difficult to conceive of circumstances in which these Defendants could have engaged in conduct that affects any rights allegedly protected by these constitutional provisions. In any event, Mr. Martin's broad, sweeping, and vague claims related to Articles III, IV, and VI of the Constitution are frivolous.

Mr. Martin alleges that the Defendants' actions violated the Fifth Amendment to the United States Constitution. The Fifth Amendment's due process clause, however, applies only to acts of the federal government and does not limit actions of state officials. *Cf. Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000); *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). He also alleges that the Defendants violated rights protected by the Eleventh Amendment. The Eleventh Amendment, however, protects states and their agencies from suit in federal court; it does not create enforceable rights for individual citizens against states. *Cf. Nelson v. La Crosse County Dist. Atty.*, 301 F.3d 820, 826-27 & n.7 (7th Cir. 2002).

Mr. Martin implicitly alleges that a criminal prosecution was filed against him and that Judge Ross presided over that prosecution. Although he is clearly displeased with Judge Ross and the conduct of these proceedings, he does not state any facts about what occurred during

3

these proceedings. As a consequence, it is unclear what federal right he thinks was violated by Judge Ross in the proceeding.

Furthermore, Judge Ross is entitled to absolute immunity against Mr. Martin's damage claims if he acted within his jurisdiction and if his acts were performed in his judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005); *Killinger v. Johnson*, 389 F.3d 765, 770-71 (7th Cir. 2004). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). Under Seventh Circuit authority, "[j]udicial immunity is a defense so long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction." *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990). Under Indiana Code § 33-23-5-5, Judge Ross, a magistrate in the Allen Superior Court (Criminal Division), had jurisdiction under state law to preside over certain matters, and, accordingly, judicial immunity cloaks Judge Ross's judicial actions and his exercises of judicial authority. Mr. Martin has not alleged that Judge Ross's actions were outside the court's subject matter jurisdiction—instead, he claims that Judge Ross abused his judicial power. That Judge Ross is entitled to judicial immunity precludes Martin's claims based on the Sixth Amendment to the United States, which deals with the rights of the accused in criminal prosecutions.

Mr. Martin names Ronald Stiver, Commissioner of the Indiana Bureau of Motor Vehicles, as a Defendant. He alleges that he complained to Commissioner Stiver that the Fort Wayne Police Department and Officer York "abused their authority & bent regulations & statutes by the BMV . . . ." (Compl. 2.) Mr. Martin apparently did not receive the relief desired

from Commissioner Stiver. However, the alleged failure of Commissioner Stiver to respond to Mr. Martin's complaint or to satisfy Mr. Martin's request does not provide an adequate basis for a claim to relief under § 1983. As this Court has ruled, "[t]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003).

Finally, Mr. Martin alleges that the Fort Wayne Police Department, and implicitly Officer York, harassed him and treated him unprofessionally and unfairly. Mr. Martin does not indicate what Officer York or any Fort Wayne Police Department official may have done that would give rise to a charge of harassment, unprofessionalism, or unfairness. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant receives fair notice of what the claim is and the grounds upon which it rests. The Supreme Court has instructed: "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). A plaintiff cannot avoid dismissal simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims. *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

Mr. Martin apparently seeks to bring a Fourth Amendment claim against Officer York because he believes he has "been harassed & unfairly, unprofessionally treated by the Ft. Wayne P.D." (Compl. 2). The Fourth Amendment, however, does not protect citizens from being generally harassed and treated unfairly or unprofessionally by a police department or individual

police officers; it protects citizens against unreasonable searches and seizures. *See Siebert v. Severino*, 256 F.3d 648, 653 (7th Cir. 2001). Even construing Mr. Martin's Complaint liberally, and giving him the benefit of every inference, the Complaint's allegations do not state a claim regarding any alleged Fourth Amendment violation.

This Complaint states no valid federal cause of action against Defendant Stiver, Defendant York, and Judge Ross, and Judge Ross is immune from the Plaintiff's damage claims against him. Accordingly, the Court will deny the Plaintiff's request for leave to proceed *in forma pauperis*, and will dismiss this action. Because the Plaintiff has asserted state law claims over which this Court has no jurisdiction, the dismissal of this Complaint will be without prejudice to the Plaintiff's right to refile his state law claims against the Defendants in a state court.

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit/Motion to Proceed *in Forma Pauperis* [DE 2], and DISMISSES the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii). The dismissal of this action is without prejudice to the Plaintiff's right to refile his state law claims in state court.

SO ORDERED on November 25, 2008

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT